# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID BRIGHTWELL, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-17-1093 |
| WARDEN ARMSTEAD, | * | |
| Respondent | * | |
| | ******* | |

## MEMORANDUM

David Brightwell, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his confinement at Patuxent Institution. ECF 1. Respondent seeks to dismiss the Petition on the basis that Brightwell failed to exhaust his claim in state court prior to instituting this case. ECF 6. Petitioner has replied. ECF 7. For the reasons to follow, the Petition will be DENIED and DISMISSED without prejudice.

**Background**

Brightwell, a State inmate, indicates that while incarcerated at Eastern Correctional Institution (ECI) he filed a number of administrative grievances which correctional staff resented. ECF 1 at p. 8. On an unspecified date correctional staff at ECI advised him that he was being removed from disciplinary segregation. *Id*. at p. 9. Petitioner advised the officers that another officer was aware of his "situation" but they told him that officer was not on duty. *Id*. Later, an officer returned with an infraction for Petitioner to sign which he maintains was made up of lies. *Id*. Petitioner claims that the infraction was in retaliation for his having written the administrative grievances. *Id*.

Petitioner appeared for an adjustment hearing in early November of 2016, where he

reports that he refused to speak or participate in the hearing because after years of explaining to hearing officers and correctional staff his problems with double celling and dormitory housing, it was clear to him that he would get no assistance. *Id*. at p. 10. After the hearing, he was sanctioned with disciplinary segregation which he alleges was in retaliation for unspecified conduct. *Id*. at p. 10.

On December 16, 2016, Petitioner was evaluated by Dr. Kay of ECI's mental health department who advised Petitioner that if he did not speak with her she would have to place him "in the place they put individuals for evaluation." *Id*. at p. 11. Petitioner advised Dr. Kay that he was fine but if she placed him for evaluation he would refuse to eat. *Id*. at p. 12. He refused to say any more and was returned to his cell on disciplinary segregation. *Id*.

On December 28, 2016, Petitioner was referred to the Acute Mental Health Unit and on January 13, 2017, he was transferred to the Acute Mental Health Unit at Patuxent Institution. *Id*., at p. 13. The referral described him as "presenting with muteness, being uncooperative with mental health evaluations, a history of paranoid ideations, and difficulty with memory recall." *Id*. at p. 13.

Petitioner's disciplinary proceedings were reconvened on January 30, 2017, and he was found guilty of the offenses charged, with the Hearing Officer noting that Petitioner's "mental health assessment indicated [he] was competent and is competent to understand the hearing process.." *Id*. at p. 13. Petitioner indicates that he again refused to participate in the disciplinary proceeding. *Id*.

Petitioner states that despite his not being suicidal or homicidal he was still being held in the mental health unit at Patuxent. *Id*. at p. 13.

Petitioner is serving a term of confinement in the Division of Correction which has a maximum expiration date of January 6, 2047 and a mandatory release date of February 23, 2038. ECF 6-Ex. 1. Petitioner has not filed a petition for writ of habeas corpus in any State circuit court. ECF 1.

**Analysis**

Assuming Petitioner has presented a federal question here, his Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Petitioner may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office

("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.,* 753 A.2d 501 (Md. 2000); Md. Code Ann., Corr. Servs. § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id*. at § 10-210(b)(2). Petitioner may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *id*. at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (Md. 1997)(abrogated on other grounds by *Moats v. Scott*, 751 A. 2d 462 (Md. 2000). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*,

887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. 2003); *Jones v. Filbert*, 843 A.2d 908 (Md. App. 2004).

There is no indication that Petitioner has made any effort to exhaust his administrative or state remedies. This Court may not entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised.[1]

Accordingly, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted. A separate Order follows

___10/17/2018_____  _____/s/_____
Date                                                    RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

---

[1] Because it is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship, to the extent Petitioner intended to bring this complaint as a civil rights claim under 42 U.S.C. §1983, his claims are subject to dismissal. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472, 493 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest. Additionally, to the extent the Petition could be construed as a Complaint seeking injunctive relief, Petitioner's claim is moot as he is no longer housed at Patuxent. *See Brightwell v. Warden*, Civil Action No. RDB-18-2652, ECF 1 (indicating Petitioner is currently housed at the Maryland Correctional Institution Jessup.).